226047 United States of America v. Jamaal Parker, arguments not to exceed 15 minutes per side. Mr. Anderson for appellant. Good morning and may it please the court, my name is Howard Anderson, CJA counsel for Jamaal Parker who is the appellant in this case. I have asked to reserve 5 minutes of my time for rebuttal. As the court is aware from reading the briefs there are three big issues in the case. There is a insufficiency claim as to the 924C count. There is an issue about the denial of the motion for new trial on the 924C count and then there are some sentencing issues for issue 3. With the court's permission I would like to start with the denial of the motion for new trial. And I will start, again as indicated in the briefs, there are two different buckets of arguments as to why we say that the motion for new trial was wrongfully denied. There was the 13th juror issue that either the judge didn't actually act as the 13th juror or if he did he abused his discretion in not granting a new trial on that basis. And then the other bucket would be the interest of justice for the issue about one of the jurors seeing Mr. Parker in shackles. I would like to start with that one because that is the one that is really the open issue in the rule 33. Rule 33 doesn't list any particular grounds as to what might count interest of justice. And so it is a very broad standard and I think that that standard was intentionally broad. Why would a judge abuse his discretion if he thought it would not be in the interest of justice to overturn a conviction based on an incident that did not cause any prejudice? Here the issue is that Judge McDonough below said in his order that he believed that the law required as a condition for a new trial that there be a finding of actual prejudice. That's different from a judge saying that's one of the factors that I can consider here in the grand scheme of things because there's no prejudice in the exercise of my discretion I'm not going to grant a new trial. But again the order from Judge McDonough said because you cannot show actual prejudice I am not legally entitled to even consider whether to grant you a motion for a new trial. And that's really what we're talking about is do we want to give district judges discretion and good judgment to weigh all the competing factors? How long was the trial? Because maybe if the trial was two hours that might be a different analysis than if one was for four months. Was it a bench trial or a jury trial? Because Rule 33 also applies in a bench trial. Why shouldn't there be a prejudice requirement? If we read Rule 33 in combination with I think it's Rule 52 the harmless error rule or the substantial error rule that says errors that did not cause substantial prejudice should be overlooked. If we read them together it seems to me you have to show or depending on who bears the burden of proof of course there has to be prejudice in order for us to think that any type of release or relief from a conviction is appropriate. So I'll say a couple of things. First as I noted in the brief several other circuits have said that prejudice is not one of the tests. So it would be creating a circuit split assuming that the Latimer case doesn't apply and we'll talk about that in a second. But as to how the harmless error applies, again this is not a case where the government has overwhelming evidence on the 924C. So it's one where I say it's legally insufficient or close but the government for its part doesn't say it's overwhelming evidence. And so we all agree that it was some error to allow the juror to see the person in shackles and the reason why it was error is because we have decided as a rule that it's hard for jurors to sort of put that out of their mind. So it is some prejudice to him. And so it's not that I'm complaining about something that had no actual prejudice. I can see that it's not sufficient prejudice for me to have this court grant him a new trial here but the function of the appellate court is different from the trial court. The trial court is in the best position to weigh all of the competing factors and then to decide what makes sense. And so as I see it, because appellate review is so deferential, we have to give trial judges sort of a lot of discretion and we trust them to do their jobs and to weigh all the competing factors. And given that there's no textual basis, given that we have other circuits that say it's intentionally a wide standard, I think that it's appropriate for a trial judge to be able to decide to weigh all the factors, including well I find that there's no reversible prejudice and so that's a thumb on the scale of sort of keeping it as it is. But again, imagine this had been a bench trial, right? And so maybe it was some, maybe the defendant was going to present some affirmative defense and the judge said no I'm not going to allow you to do it because the law doesn't allow it. But then upon reflection on the motion for new trial, the judge says you know what, this case is going to go up to the Sixth Circuit. I think it'd save the Sixth Circuit some work if I just heard from this witness that I excluded before so I'm going to grant you a Rule 33 new trial in the context of a bench trial which means I can reopen the evidence and have you call that other witness and then I'll decide the affirmative defense because that would save the folks up in Cincinnati some work. And from the government's perspective, they say that the judge is not allowed to do that if he decides that he was right in the first instance to have kept off that witness. And again, I just don't think that that makes sense as a matter of policy and I don't think it makes sense as a matter of the actual text of the rule. I think it's an intentionally broad standard. There was no motion for a mistrial, right? No request? Correct, Judge. I conferred with Mr. Parker and then we felt that we were going to get a not guilty verdict on some of the counts and we were right. And so if I'd asked for a mistrial and it had been granted, then... But aren't you getting two bites of the apple then? Complaining about... I mean it should have been one of the grounds for a new trial, right? As I say in my brief, one of the protections of the Fifth Amendment is it's a protection for being tried twice as opposed to also being convicted twice. And so because we were pretty confident that we were going to get some not guilty verdicts, we didn't want to give the government a do-over in having heard my cross-examination and everything else. So I don't think it's a second bite of the apple. Obviously this would be a harder case if, for example, one of the alternates hadn't seen Mr. Parker and I had intentionally said, Judge, I don't want you to sub in the alternate. Because then I'm trying to have my cake and eat it too. But here, both of the alternates were contaminated. One of the trial jurors was contaminated. And so he had to choose between having a jury of less than 12, which is not what the Constitution requires, which is not what the Constitution contemplates as the ideal, or swapping out one teenager for another, or having to have a whole retrial where the government has sort of had a driver. Do you agree you would have to prove prejudice for a motion for a mistrial? I thought that's what the district court suggested, that a mistrial, a motion for a mistrial based on this, rather than a new trial under Rule 33 would require prejudice. And it seems like there's some tension between the idea that you would have to prove prejudice in the one context but not in the other. Well, so Judge, I think it's an issue about can the judge grant a mistrial in the absence of prejudice? And of course, because you haven't heard all the evidence, you can't possibly know if it's going to be prejudicial by the end of the case. Versus having denied the mistrial, can you then get a mistrial from the Court of Appeals where we've heard all the evidence? And so in the Lattner case, which my colleague cited in his Rule 28 J letter, the two cases that it cited saying, well, you can't have a new trial if there's not prejudice, it cited to Crane and to Chipman, and both of those came up in the context of a denial of a mistrial, and so then we're complaining about the denial of a mistrial on appeal. And so that's what I think the difference is, is that the judge just sort of grafted on the wrong standard. And so it was talking about an appellate standard as opposed to a trial judge standard when he's got sort of wide discretion, just like when deciding if I had moved for a mistrial. I mean, I think the government would agree that if I had moved for a mistrial, Judge McDonough would have had the discretion to grant it. I don't hear them say that he wouldn't have been able to do it then. And so because he would have been able to do it then, I think that he would be able to do it after the fact. But again, this Court may not be able to decide. Your point is prejudice is only required on appeal, but it may be required at the initial stage when he's determining whether to grant a mistrial. Correct. And then a lack of appellate prejudice is just one factor for the trial judge to consider among all the other factors about was it intentional, non-intentional, everything else in the exercise of his discretion. So that's my point, is that there's just not a policy reason why we would want to deny the trial judge that discretion. And I haven't heard that from the government. And if there are no other questions on that, I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Your Honors. Good morning. May it please the Court. My name is Luke McLaurin, and I'm here on behalf of the United States. Mr. Parker's convictions and sentence should be affirmed for three reasons. First, the jury heard ample evidence to convict Mr. Parker of the 924C charge, and its verdict was not against the manifest weight of the evidence. Second, the District Attorney's accidental sighting of Mr. Parker in his prison garb did not warrant a new trial. And finally, the defendant's within-guideline sentence is both procedurally and substantively reasonable. Now, I'm happy to discuss any of those issues, but because opposing counsel is focused on the new trial issue, I'd like to begin with that and address that, and particularly what the appropriate standard is when you're considering a claim such as the juror bias claim that we saw in this case. It's our position that the district court applied the correct standard, that actual prejudice is required. Because when you're considering what is in the interest of justice, if somebody has received a trial where jurors have been fair and impartial, and they have not suffered any actual prejudice, it's really hard to say that a new trial is warranted in the interest of justice when there has been a finding of no actual prejudice. And I think, Judge Murphy, you were right on when you said that Rule 33 should be read in conjunction with the standards outlined in Rule 52. You're in good company thinking that. The preeminent commentators on the federal rules, Wright and Miller and their treatise on federal practice and procedure, have said exactly that. In Section 581 of the 5th edition and in Section 551 of the 3rd edition, which was cited by the 5th Circuit in the Scroggins case which we cited in our brief, those commentators explicitly say that you should read Rule 33 in conjunction with these other rules, and that a new trial should not be granted if the error complained of did not actually affect the defendant's substantial rights. And that makes sense because, again, what we're concerned about when we're looking... In the context of this particular question, this case, let me ask this, is this standard the same as the mistrial standard would be, essentially? Yeah. It plays out the exact same way. He would have asked for a mistrial, you would have asked actual prejudice, denied whatever, and then end of case, spring up the same error, new trial, same standard. Yeah, that's our position, is that you shouldn't get a more favorable standard when you're seeking a new trial than when you're seeking a mistrial, right? If you're seeking a mistrial on this basis, you would have to show actual prejudice. It would seem very odd if you could then come back later and say, oh, well, I want a new trial, but I don't have to show actual prejudice. What do you make of the argument that you certainly would have to show actual prejudice on appeal, but perhaps we should give district judges discretion to determine whether their instincts are that maybe it's not enough to show substantial prejudice, but there's enough here to think that it warrants getting a new jury just in case? What's wrong with the idea that giving district judges this residual discretion, which presumably could be abused, but just giving them the authority to do so, whether or not there is actual prejudice, that doesn't seem to me to be all that problematic. Well, I think it would be problematic because it wouldn't be consistent with the language of the rule. Rule 33 requires... Justice? If I said language, it can mean anything. I think it's certainly broad language, but it's not sort of an unlimited grant of discretion. And it seems odd to say that something is in the interest of justice when there has been no actual prejudice. Normally when we think about justice and the kinds of things that warrant granting new trials, it's something that has affected the defendant's substantial rights. And I point out that while there's a claim that there is a circuit split on this issue, I think that's more apparent than real. If you dig into all the cases that have announced in broad language that, yes, it's possible to have something short of a reversible error that would require a new trial, in each one of those cases, what the court found that warranted a new trial was something that affected the defendant's substantial rights. I think particularly notable is the Scroggins case, where the court makes this broad pronouncement and says, oh, well, we think it's possible that you could have an error that is not reversible error that could warrant a new trial. But then when it remands for the district court to consider, it gives very specific instructions. That case involved a situation where two of the defendant's subpoenaed witnesses didn't show up to testify at trial. And the Fifth Circuit, in sending it back, said, look, this standard is still pretty tight. And on remand, you are going to have to find that the presence of those two witnesses would have resulted in the defendant either probably being acquitted, or would have resulted in the evidence coming in such that it would preponderate heavily against the verdict. Which essentially is saying, you're going to have to find the defendant's substantial rights were affected. So while the court made this broad pronouncement, if you look at the mechanics of what its actual ruling said, it seems to agree with the notion that you need some sort of prejudice, that you need an effect on a defendant's substantial rights in order to grant a new trial. Which again, makes sense. Because when we think about something being in the interest of justice, if you have an error that is harmless, then it seems odd to say, well, you need a new trial when it's understood that the error didn't actually have any effect on the trial. Who bears the burden of proof of showing either prejudice? So usually we think of it in terms of plain error. The defendant bears the burden of proof of showing prejudice. If the error is preserved, the government bears the burden of proof of showing the lack of prejudice. And I think that's how Rule 52 is written. But it seems in this context, is part of the actual substantive claim for relief a showing of actual prejudice, so that the defendant bears the burden, even if the defendant preserves the issue? Yes. I would argue that if the defendant is the one seeking the mistrial, he's the one, the proponent of the motion, he's going to have to meet the burden to show that the requirements to grant a mistrial are in fact satisfied. So he's going to have to show that there was an error, and that this error... How is that consistent with Rule 52? Because doesn't Rule 52 usually place the burden on the, maybe I'm misremembering the rule's language, but I thought the rule, if the error was preserved, placed the burden on the government to show the lack of effecting the substantial rights. Well, I think that part of the issue is the context in which you're dealing with it, when you're dealing with something on appeal versus a new trial motion at the district court. I think generally, when we're dealing with motions filed in a district court, we expect the person who's making the motion to show what is necessary to meet the standard. And so I think that the shifting of the burden comes in when you're looking at it on appeal, and the notion is, well, if you didn't raise this below, now we're going to put the burden on you to make an additional showing. So I think that can be explained by the difference there. What if the judge doesn't know? So you have the situation where somebody was shackled and a juror saw it. You ask this general question, did anybody see anything? And nobody raises their hand, but the judge is left in a position where he or she really has doubts and just doesn't know, doesn't feel that she can confidently say one way or the other. Are you saying that the judge does not have the discretion under this rule to grant a new trial in the interest of justice? I think if the judge doesn't have a reason, an evidence-based reason to believe that there was some effect on the jurors, then I think that would be an abuse of discretion to grant a new trial. If there is a reason, if the judge can point to some sort of reason of, well, I asked this question and I saw the juror saying something, but I saw somebody say, you know, maybe make a face that made me think that they weren't being honest or something like that. I mean, that might potentially be some sort of evidence or reason. But if there's no reason in the record, there's no evidence to suggest that there was an actual effect on the jury, then I think it would be an abuse of discretion to grant a new trial. And I think these facts are, to the extent the court wants to sort of decide a broader legal question about the standard of new trial, these facts are not really good facts to decide this on because I think no matter how you cut it, the facts here and evidence show that there really was no effect. This was, you know, only one juror saw Mr. Parker. They only saw him for like three, less than five seconds, very short period of time. It's very clear from the record there was no gawking, there was no interaction, there was no, you know, shock expressed. And these jurors were questioned in a way that the defense counsel agreed to and in fact proposed. And the jurors themselves indicated that they didn't see, they had not seen anything that would affect their ability to be fair and impartial. The judge was there. The judge saw the questioning of the jurors. He didn't see any reason to believe that this jury wasn't fair and impartial. And I think we should defer to that, the district court's finding here, that there was, this is simply not a case that warrants a new trial. And I do think the district court's assessment in light of these specific facts should warrant a great amount of deference from this court. Do you think it's necessary to decide this legal issue in this case? By which I mean, suppose we disagree with you and we think there is some residual discretion. Does that mean that the district court erred and we should remand for it to reconsider the prejudice under the appropriate standard of recognizing the residual discretion? Or is there an alternative path to just think that, I mean, when we read the district court's order, it seemed fine there was no actual prejudice that was sufficient to show no interest of justice violation? I think the court doesn't need to address the issue in this case necessarily. I think when you read the district court's order, I think it's clear that the district court was evaluating everything and in the court's view, this simply didn't rise to a situation that warranted a new trial. The court just didn't feel like there was any sort of indication that this trial had been impacted in a way that affected the interest of justice. And so I think you could read the court's order in a way to affirm regardless of what you think the standard is. But we would, to the extent the court wants to engage with this, we do think that the Lattner case which we brought up is, I think, very persuasive and helpful evidence and this court appears to have suggested that prejudice is in fact required when you are seeking a new trial on these grounds, a showing of actual prejudice is required. We think that's correct. We would submit that that's also consistent with the kinds of rulings that you've seen from other circuits despite broad language that they may announce saying, oh, well, you can have something short of a reversible error. Their actual holdings all involve situations where the error that is complained about is something that had some sort of effect on the defendant's substantial rights. The Scroggins case I've already talked about, the Patterson case was a similar situation where a witness, a defense witness... I don't remember the specific language in those cases. Do they use, they don't use the word prejudice though, right? They don't specifically use the word prejudice. I mean it's something, it's something more than a de minimis error, right? It's some kind of impactful error but not actual prejudice. I mean, I don't, I'm struggling with what that standard, what would that look like if we were to do that? I mean, I'm not saying you're advocating for it. I mean, obviously you don't, I assume you think it's just, it's not actual prejudice or it is actual prejudice, right? So that's what you would want. But these other cases, I mean, what is short of actual prejudice but also impactful? To be honest Judge Novandian, I'm not sure I entirely understand what standard they're suggesting in some of that language that they're using. But to clarify in terms of, we've been using a lot of different terms here, prejudice. Our position would be that essentially the standard of the interest of justice is similar to what's at issue in Rule 52, where you look as did this affect a defendant's substantial rights? Whether you're asking about prejudice or not is sort of dependent upon the particular issue raised, right? So if the issue complained about is some sort of impact on the jury, then the question you look at is was there actual prejudice to the jury? Was the jury actually prejudiced in this particular case? And so that's why we get to that language about actual prejudice. But the larger question is really what does the interest of justice mean? And that's our position, that something is not, a new trial is only warranted in the interest of justice when the error that is complained about is something that affected the defendant's substantial rights. Sort of similar to what you would find, and in the context of this type of claim, of a claim of jurors being biased, the defendant's rights are only affected when there's some evidence of actual prejudice. And here there just wasn't any evidence of prejudice at all. The district court was there. This was a very minimal sighting. It was only by one juror. It was just a few seconds. The court saw this. The court questioned the jurors. The court saw the jurors' reactions. The court had no reason to believe that this defendant was prejudiced in any way by this unfortunate incident that occurred. And I think the district court's finding in that regard should be affirmed. Unless there are any other questions, we'll rest on our briefs. Thank you. I may have placed the court. Thank you very much. But having heard the government's position, I didn't hear any policy reason as to why we can't trust a district judge to do all the appropriate weighing in all the possible circumstances. Again, the position that they are taking is that no district judge ever has the ability to grant a new trial. Again, in response to Judge Murphy's question to the government, as I read the judge's order, it was clear to me that the judge didn't think that he had discretion. Because he says, accordingly, the defendant has not demonstrated actual prejudice as required, and the court will not grant his Rule 33 motion on that basis. You know, back when I was a law clerk, right, my judge wanted to say, well, you know, I don't think I can do this. But she wanted to sort of have a balance of spenders. But she might add to the opinion, but even if I could, I wouldn't. And so that sentence, which I think is a pretty common thing to add in judicial opinions, is not present here. And so I think that on this record, the judge thought that he couldn't even decide what to do if the threshold showing had not been made. And that's the issue that we're talking about. I think that district judges are there, and we rely upon them to make lots of discretionary calls about is something hearsay or not, right? So people can disagree. They get wide latitude. But it's precisely because the appellate court is so deferential that we need to give the district judges sort of the latitude, right? Because maybe it's, you know, well, you know, I kind of ruled against Mr. Anderson on some of those close calls. So the remedy would be to send it, to clarify the standard and send it back for him to evaluate it under what we say the standard is? For that issue, yes. Of course, as I say on the one for the 13th juror, I'm saying, well, I guess, one, if you find the evidence is legally insufficient, you don't have to worry about it, right? If you find that the judge abused his discretion in even assuming he acted as a 13th juror but not having granted it on 13th juror grounds, then you don't have to reach the issue. It's only when we get to this third point where you would clarify the standard, because again, I am not saying that it's this court that gets to sort of that, that I'm asking district judges to have the authority, not necessarily this court. And so it's the difference between the appellate standard overview and the trial standard overview. And again, this stuff comes up in lots of ways. It's hard to, you know, to demonstrate actual prejudice. But I think we would all agree that there was at least some prejudice, right? I mean, this is not an issue where I'm complaining about the color of my guy's shirt, right? That we all agree that jurors, if we can help it, they shouldn't see somebody in shackles, right? Particularly when they're sitting there in civilian clothes, because then they wonder, well, why is this person in civilian clothes, but I've just seen him in shackles, right? Is someone playing a trick on me? And so we all agree that it's not a good thing because we're worried that it might cloud the juror's judgment in some minuscule way. I haven't heard the government say that the evidence on this 924C was so overwhelming that no jury could have possibly acquitted, right? I haven't heard them say that at all. And so I say that it has affected his substantial rights. He's got a substantial right to have the jury view him as a free man, clerk for that presumption of innocence. When that juror saw him, you know, yes, the juror said I could be fair, right? But can you unring the bell, right? We sort of trust judges to be able to set things aside because we sort of do this for a living and we're attorneys, but when we're asking civilians to come in off the street, just because you say you can be fair, you know, can we really be sure if this is the first time you've ever been on a jury you don't really know? And so all that's to say that it's just a factor for the judge. And maybe Judge McDonough will say, you know, Howard, I don't think Mr. Parker deserves a new trial, but I think that Judge McDonough deserves to have the ability to decide that question. Can I just briefly ask, so how would you distinguish Lattner now? So Lattner there, as I read the case, the court said that he, quote, moved for a new trial based on the individual and cumulative effect of multiple alleged trial errors, which Lattner argues resulted in a denial of his right to a fair trial under the Fifth Amendment. And then it cites these cases about mistrials, again, asking the court, this court, to order a new trial. Whereas here I'm saying that the issue is that Judge McDonough didn't have to apply that standard and I have to sort of take whatever his decision is if he has discretion, but what Lattner was about is the defendant entitled to a new whereas I'm saying the defendant is entitled to have the judge decide. So you don't, so we have to read, so there's a sentence in there that says, this court has held that juror's observation of a defendant in handcuffs is not grounds for a new trial. So you would read that to essentially be is not required for a new trial or something to that effect. If I can continue, Judge McDonough's right, yes. So the cases that it cites are Crane and Chipman. In those cases, if you went and you look at Crane and Chipman, those cases arise from denials of mistrials. And so the court says, if the district judge denies your mistrial, you've got to show actual prejudice. And so again, I think that it's applying the appellate mistrial standard as opposed to the trial judge mistrial standard. And I haven't heard the government say that a trial judge, when deciding whether to grant a mistrial in the heat of the trial, has to say that it's appellate prejudice, in part because you don't even know what all the evidence is going to be, so it can't possibly be a requirement for the district judge. Again, it's relevant to his decision, how much of the evidence has come in. But I don't think that it's required under the law. All right, thank you, Your Honor. Mr. Anderson, and I notice that you are appointed under our CJA program, and we appreciate your service. Always a pleasure, sir. Thank you. Thank you.